995 So.2d 476 (2008)
In re STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES-REPORT NO. 2008-04.
No. SC08-699.
Supreme Court of Florida.
October 30, 2008.
Judge Terry David Terrell, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, First Judicial Circuit, Pensacola, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has filed a report, proposing amendments to Standard Jury Instructions in Criminal Cases 8.7(b)  Aggravated Stalking (Injunction Entered); 11.2  Sexual Battery Victim 12 Years of Age or Older  Great Force; 11.3  Sexual Battery Victim 12 Years of Age or Older  Specified Circumstances; 11.6  Sexual Battery upon Child 12 Years of Age or Older but Under 18 Years of Age by Person in Familial or Custodial Authority; 23.1  Maintaining a House of Prostitution; 23.2  Soliciting for the Purpose of Prostitution; 23.3  Transporting for the Purpose of Prostitution; 23.4  Receiving for the Purpose of Prostitution; 23.5  Offering to Commit, Committing, or Engaging in Prostitution, Lewdness, or Assignation; 23.6  Soliciting for Prostitution; 23.7  Entering for the Purpose of Prostitution, Lewdness, or Assignation; 23.8  Definitions for Use With s. 796.07, Fla. Stat.; and 23.9  Optional Definitions for Use With s. 796.07, Fla. Stat. The Committee published the proposals for comment in The Florida Bar News prior to submission to the Court. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Having considered the Committee's report and comments submitted to the Committee, we hereby authorize the publication and use of eleven instructions as amended, and elimination of two current instructions which include out-of-date definitions, as set forth in the appendix to this opinion, with slight modification to instruction 23.2.[1] In so doing, we express no *477 opinion on the correctness of those instructions and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining, and deleted language is struck through. The instructions as set forth in the appendix[2] shall be effective when this opinion becomes final.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and CANADY, JJ., concur.
POLSTON, J., did not participate.

APPENDIX

8.7(b) AGGRAVATED STALKING

(Injunction Entered)

§ 784.048(4), Fla. Stat.
To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly, willfully, maliciously, and repeatedly [followed] [harassed] [or] [cyberstalked] (victim).
Give 2a or 2b as applicable.
2. At the time of the [following] [harassing] [cyberstalking],
a. an injunction for protection against [repeat] [sexual] [dating] [domestic] violence had been entered against (defendant) for the benefit of (victim).
b. a court had imposed a prohibition of conduct on (defendant) toward (victim) or (victim's property).
3. (Defendant) knew that the [injunction] [court-imposed prohibition of conduct] had been entered against [him] [her].
Definitions.
"Harass" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
"Cyberstalk" means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, *478 or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.
"Maliciously" means wrongfully, intentionally, and without legal justification or excuse.

Lesser Included Offenses

-------------------------------------------------------------------------------
 AGGRAVATED STALKING (Injunction Entered)  784.048(4)
-------------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-------------------------------------------------------------------------------
Stalking 784.048(2) 8.6
-------------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-------------------------------------------------------------------------------
 Violation of injunction for protection 741.31(4) 8.16
 against domestic violence
-------------------------------------------------------------------------------
 Violation of injunction for protection 784.047 8.19
 against repeat, sexual, or dating ____
 violence
-------------------------------------------------------------------------------

Comment
See Seese v. State, 955 So.2d 1145 (Fla. 4th DCA 2007). This instruction was adopted in 1995 [657 So.2d 1152] and was amended in 2007 [953 So.2d 495], and 2008.

11.2 SEXUAL BATTERY  VICTIM 12 YEARS OF AGE OR OLDER  GREAT FORCE

§ 794.011(3), Fla. Stat.
To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older with the Use of a Deadly Weapon or Physical Force, the State must prove the following four elements beyond a reasonable doubt:
1. (Victim) was 12 years of age or older.
2. a. [ (Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [ (defendant) ] [(victim) ] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [ (Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. (Defendant) in the process
a. [used or threatened to use a deadly weapon].
b. [used actual physical force likely to cause serious personal injury].
4. The act was done without the consent of (victim).
Definitions.
Give in all cases.
"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.
*479 Give if applicable.
Evidence of the victim's mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.
"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
"Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
"Union" means contact.
Give if 3a alleged.
A weapon is a "deadly weapon" if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Give if 3b alleged.
"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.
Give if applicable.
However, any act done for bona fide medical purposes is not a sexual battery.
In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.
The option of the word "[with] (victim)" in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.

Lesser Included Offenses

-----------------------------------------------------------------------
 SEXUAL BATTERY  VICTIM OVER 12  WEAPON OR FORCE  794.011(3)
-----------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------
Sexual battery 794.011(5) 11.4
-----------------------------------------------------------------------
Battery 784.03 8.3
-----------------------------------------------------------------------
 Sexual battery 794.011(4) 11.3
-----------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------------------------
 Lewd or lascivious battery 800.04(4) 11.10
-----------------------------------------------------------------------
 Aggravated battery 784.045(1)(a) 8.4
-----------------------------------------------------------------------
 Aggravated assault 784.021(1)(a) 8.2
-----------------------------------------------------------------------
 Assault 784.011 8.1
-----------------------------------------------------------------------
 Sexual battery 794.011(4) 11.3
-----------------------------------------------------------------------

Comment
This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], 1995 [657 So.2d 1152], and 2003 [850 So.2d 1272], and 2008.

11.3 SEXUAL BATTERY  VICTIM 12 YEARS OF AGE OR OLDER  SPECIFIED CIRCUMSTANCES SPECIFIED

§ 794.011(4), Fla. Stat.
To prove the crime of Sexual Battery upon a Person 12 Years of Age or Older *480 under sSpecified cCircumstances, the State must prove the following four elements beyond a reasonable doubt:
1. (Victim) was 12 years of age or older.
2. a. [ (Defendant) committed an act [upon] [with] (victim) in which the sexual organ of the [ (defendant) ] [(victim) ] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ].]
b. [ (Defendant) committed an act upon (victim) in which the [anus] [vagina] of (victim) was penetrated by an object.]
3. a. [ (Victim) was physically helpless to resist.]
b. [ (Defendant) coerced (victim) to submit by threatening to use force or violence likely to cause serious personal injury and (victim) reasonably believed the (defendant) had the present ability to execute the threat.]
c. [ (Defendant) coerced (victim) to submit by threat of retaliation against (victim) or any other person and (victim) reasonably believed that (defendant) had the ability to execute the threat in the future.]
d. [ (Defendant), without prior knowledge or consent of (victim), administered or had knowledge of someone else administering to (victim) a narcotic, anesthetic, or other intoxicating substance that mentally or physically incapacitated (victim).]
e. [ (Victim) was mentally defective and (defendant) had reason to believe this or had actual knowledge of that fact.]
f. [ (Victim) was physically incapacitated.]
g. [ (Defendant) was at the time a[n] (insert official title or position) and was a[n] [certified [law enforcement officer] [correctional officer] [correctional probation officer]] [elected official exempt from certification] [person in a position of control or authority in a probation, community control, controlled release, detention, custodial, or similar setting] and the [officer] [official] [person] was acting in such a manner as to lead (victim) to reasonably believe that (defendant) was in a position of control or authority as an agent or employee of government.]
4. The act was committed without the consent of (victim).
Definitions.
Give in all cases.
"Consent" means intelligent, knowing, and voluntary consent and does not include coerced submission. Consent does not mean the failure by the alleged victim to offer physical resistance to the offender.
Give if applicable.
Evidence of the victim's mental incapacity or defect, if any, may be considered in determining whether there was an intelligent, knowing, and voluntary consent.
"Mentally incapacitated" means that a person is rendered temporarily incapable of appraising or controlling his or her conduct due to the influence of a narcotic, anesthetic, or intoxicating substance administered to that person without his or her consent, or due to any other act committed upon that person without his or her consent.
*481 "Mentally defective" means that a person suffers from a mental disease or defect that renders that person temporarily or permanently incapable of appraising the nature of his or her conduct.
"Union" means contact.
Give if 3a alleged.
"Physically helpless" means that a person is unconscious, asleep, or for any other reason physically unable to communicate unwillingness to act.
Give if 3b alleged.
"Serious personal injury" means great bodily harm or pain, permanent disability, or permanent disfigurement.
Give if 3f alleged.
"Physically incapacitated" means that a person is bodily impaired or handicapped and substantially limited in his or her ability to resist or flee an act.
Give if applicable.
However, any act done for bona fide medical purposes is not a sexual battery.
In the event that multiple perpetrators is charged and proven, give instruction on enhancement. § 794.023, Fla. Stat.
The option of the word "[with] (victim)" in 2a is provided to reflect the manner in which the crime was committed. See Coleman v. State, 484 So.2d 624 (Fla. 1st DCA 1986), at pages 627, 628.

Lesser Included Offenses

-----------------------------------------------------------------------------
 SEXUAL BATTERY  VICTIM OVER 12  SPECIAL
 CIRCUMSTANCES  794.011(4)
-----------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
-----------------------------------------------------------------------------
Sexual battery 794.011(5) 11.4
-----------------------------------------------------------------------------
Battery 784.03 8.3
-----------------------------------------------------------------------------
 Lewd or lascivious battery 800.04(4) 11.10
-----------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
-----------------------------------------------------------------------------
 Aggravated assault 784.021(1)(a) 8.2
-----------------------------------------------------------------------------
 Assault 784.011 8.1
-----------------------------------------------------------------------------

Comment
Element 3g: See s. 943.10(1), (2), (3), (6), (7), (8), (9) for the definition of a law enforcement officer, correctional officer, or correctional probation officer who must be either certified pursuant to s. 943.1395 or an elected officer exempt from certification pursuant to s. 943.253.
This instruction was adopted in 1981 and was amended in 1987 [508 So.2d 1221], 1992 [603 So.2d 1175], 1995 [657 So.2d 1152], and 2003 [850 So.2d 1272], and 2008.

11.6 SEXUAL BATTERY UPON CHILD 12 YEARS OF AGE OR OLDER BUT UNDER 18 YEARS OF AGE BY PERSON IN FAMILIAL OR CUSTODIAL AUTHORITY

§ 794.011(8)(b), Fla. Stat.
To prove the crime of Sexual Battery Upon a Child by a Person in a Familial or Custodial Authority, the State must prove the following three elements beyond a reasonable doubt:
*482 1. (Victim) was 12 years of age or older but less than 18 years of age.
2. (Defendant) stood in the position of familial or custodial authority with regard to (victim).
3. (Defendant) committed an act upon (victim) in which:
a. [the sexual organ of the [ (defendant) ] [ (victim) ] penetrated or had union with the [anus] [vagina] [mouth] of the [ (victim) ] [ (defendant) ]].
b. [the [anus] [vagina] of (victim) was penetrated by an object].
It is not a defense that (victim) was willing to engage in acts which would constitute a sexual battery or consented to engage in such acts.
Give if applicable.
However, any act done for bona fide medical purposes is not a sexual battery.
Definition. Give if applicable.
"Union" means contact.

Lesser Included Offenses

---------------------------------------------------------------------------
 SEXUAL BATTERY UPON CHILD 12 YEARS OF AGE OR OLDER
 BUT UNDER 18 YEARS OF AGE BY PERSON IN FAMILIAL OR
 CUSTODIAL AUTHORITY & 794.011(8)(B)
---------------------------------------------------------------------------
CATEGORY ONE CATEGORY TWO FLA. STAT. INS. NO.
---------------------------------------------------------------------------
None
---------------------------------------------------------------------------
 Attempt 777.04(1) 5.1
---------------------------------------------------------------------------
 Lewd or lascivious battery 800.04(4) 11.10
---------------------------------------------------------------------------

Comment
This instruction was adopted 1987 [508 So.2d 1221] and was amended in 1995 [657 So.2d 1152], and 1997 [697 So.2d 84], and 2008.

23.1 MAINTAINING HOUSE A PLACE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION

§ 796.07(2)(a), Fla. Stat.
To prove the crime of Maintaining a Place House of [ Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) kept, set up, [established] [owned] [maintained] or [operated] any [place], [structure], [building], or[conveyance] for the purpose of [lewdness], [assignation], [prostitution].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving and receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd", "lascivious," or "indecent" mean the same thing and mean a wicked, lustful, unchaste, *483 licentious or sensual intention on the part of the person doing an act.
3. "Assignation" means the making of any appointment or engagement for prostitution or lewdness, or any act in furtherance of such appointment or engagement. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
4. A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
§ 810.011(3), Fla. Stat.
5. A "conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.
6. "Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.2 SOLICITING FOR THE PURPOSE OF PROSTITUTION OR A LEWD OR INDECENT ACT

§ 796.07(2)(b), Fla. Stat.
To prove the crime of Soliciting for the Purpose of [Prostitution] [Any Lewd or Indecent Act], the State must prove the following element beyond a reasonable doubt:
1. (Defendant) [offered] [offered to secure] [agreed to secure] another person for the purpose of [prostitution] [any lewd or indecent act].
Give a, b, or c as applicable.
a. [offered]
b. [offered to secure]
c. [agreed to secure]
another person for the purpose of [prostitution], [any lewd or indecent act].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving and receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
3. "Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes. "Lewdness" is any indecent or obscene act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
*484 4. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. "Lewd, lascivious and indecent" are synonyms and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.
5. "Lewd and lascivious" mean an unlawful indulgence in lust, eager of sexual indulgence.
It is not necessary that such act defined as lewd be committed in a public place or in the presence of many people. It is sufficient if it is an intentional act of lewdness, offensive to one or more persons present.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.43 RECEIVING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION

§ 796.07(2)(c), Fla. Stat.
To prove the crime of Receiving for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
Give element 1 or element 2 as applicable.
1. ((Defendant)) [received] [offered to receive] [agreed to receive] a person into a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].
2. ((Defendant)) permitted a person to remain in a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].
Give 1 or 2 as applicable. If 1, then give a, b, or c as applicable.
a. [received]
b. [offered to receive]
c. [agreed to receive]
a person into a [place], [structure], [building], [conveyance] for the purpose of [prostitution], [lewdness], [assignation].
2. (Defendant) permitted (name) to remain in a [place], [structure], [building], [conveyance] for the purpose of [prostitution], [lewdness], [assignation].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any *485 other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
4. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
5. A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
§ 810.011(3), Fla. Stat.
6. A "conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.34 TRANSPORTING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION

§ 796.07(2)(d), Fla. Stat.
To prove the crime of Transporting for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [directed] [took] [transported] [offered or agreed to [direct] [take] [transport]] a person to [a place] [a structure] [a building] [another person].
Give 1 or 2 as applicable. If 1, then give a or b as applicable.
a. [directed, took, or transported]
b. [offered or agreed to take or transport] (name) to [a place] [a structure] [a building] [another person].
2. At the time, (defendant) knew or had reasonable cause to believe that such [directing], [taking], or [transporting] was for the purpose of [prostitution] [lewdness] [assignation].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, *486 the term does not include acts done for bona fide medical purposes.
4. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
5. A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.5 OFFERING TO COMMIT, COMMITTING, OR ENGAGING IN PROSTITUTION, LEWDNESS, OR ASSIGNATION

§ 796.07(2)(e), Fla. Stat.
To prove the crime of Offering to Commit, Committing, or Engaging in [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) [offered to commit] [committed] [engaged in], or did commit or engage in [prostitution] [lewdness] or [assignation].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
4. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.6 SOLICITING FOR PROSTITUTION, LEWDNESS, OR ASSIGNATION THE PURPOSE

§ 796.07(2)(f), Fla. Stat.
To prove the crime of Soliciting for [Prostitution] [Lewdness] [Assignation], soliciting, inducing, enticing or procuring another to commit (prostitution), (lewdness), (assignation), the State must prove the following element beyond a reasonable doubt:
*487 (Defendant) [solicited], [induced], [enticed] [procured] or procured another to commit [prostitution] [lewdness] [assignation].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse, for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
4. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
To "solicit" means to ask earnestly or to try to induce the person solicited to do the thing solicited.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.7 INMATE OF HOUSE ENTERING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION

§ 796.07(2)(g), Fla. Stat.
To prove the crime of Entering for the Purpose of [Prostitution] [Lewdness] [Assignation], Inmate of House, the State must prove the following element beyond a reasonable doubt:
Give a or b as applicable.
a.[(Defendant) [resided in], [entered] or [remained in] a [place], [structure], [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation]].
b. [ (Defendant) entered or remained in a conveyance for the purpose of [prostitution] [lewdness] [assignation]].
Definitions.
1. "Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses. intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. "Indecent" connotes wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
*488 3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
4. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
5. A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
§ 810.011(3), Fla. Stat.
6. A "conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.

Lesser Included Offenses
No lesser included offenses have been identified for this offense.

Comment
This instruction was adopted in 1981 and amended in 2008.

23.8 DEFINITIONS FOR USE WITH § 796.07, Fla. Stat.
Optional Definitions
1. "Prostitution" is the giving or receiving of the body for sexual intercourse for hire, which includes the giving or receiving of the body for licentious sexual intercourse without hire.
2. "Lewdness" is any indecent or obscene act. The words "lewd," "lascivious," and "indecent" mean the same thing and mean a wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing an act.
3. "Lewdness" is the unlawful indulgence of lust signifying that form of immorality which has a relation to sexual impurity. It is generally used to indicate gross indecency with respect to sexual relations.
4. "Lewd, lascivious and indecent" are synonymous and connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.
5. "Lewd and lascivious" mean an unlawful indulgence in lust, eager for sexual indulgence.
6. "Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
7. "Obscene" means something which deals with sex in a manner such that the predominant appeal is to prurient interest; which, judged by the current standards of the community as a whole, describes sex or sexual conduct in a way that is patently offensive (Federal Jury Instructions, Sec. 62.03).
8. A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
*489 § 810.011(3), Fla. Stat.
9. A "conveyance" means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.

Comment
This instruction was adopted in 1981.

23.9 OPTIONAL DEFINITION FOR USE WITH § 796.07, Fla. Stat.
1. "Obscene" means something which deals with sex in a manner such that the predominant appeal is to prurient interest; which, judged by the current standards of the community as a whole, described sex or sexual conduct in a way that is patently offensive (Federal Jury Instructions, Sec. 62.03).
2. It is not necessary that such act defined as lewd be committed in a public place or in the presence of many people. It is sufficient if it is an intentional act of lewdness, offensive to one or more persons present.

Comment
This instruction was adopted in 1981.
NOTES
[1] The Court rejects the Committee's proposed definition of "lewd and indecent" in instruction 23.2, Soliciting for the Purpose of Prostitution, which did not track the statutory language under section 796.07(1)(b), Florida Statutes. The statute defines lewdness as "any indecent or obscene act," and that definition is included in the instruction as authorized, as well as the definition for "indecent," consistent with that proposed by the Committee in instructions 23.1, 23.3, 23.4, 23.5, 23.6, and 23.7. In addition, however, we will refer to the Committee instructions 23.1 through 23.7, as well as other instructions pertaining to offenses charging lewd and lascivious conduct or including that terminology, for consideration of whether a uniform definition for "lewd and lascivious" is needed and whether the term "sensual intent" or "sensual intention" should be included in that definition.
[2] The amendments as reflected in the appendix are to the Standard Jury Instructions in Criminal cases as they appear on the Court's website at www.floridasupremecourt.org/jury-instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.