# Supreme Court of Florida

_____

No. SC17-1439

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-02.**

[October 26, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard instructions pertaining to prostitution-related offenses: 23.1 (Maintaining a Place of Prostitution, Lewdness, or Assignation); 23.2 (Soliciting for the Purpose of Prostitution or a Lewd or Indecent Act); 23.3 (Receiving for the Purpose of Prostitution, Lewdness or Assignation); 23.4 (Transporting for the Purpose of Prostitution, Lewdness or Assignation); 23.5 (Offering to Commit, Committing, or Engaging in Prostitution, Lewdness, or Assignation); 23.6 (Soliciting for

Prostitution, Lewdness, or Assignation); and 23.7 (Entering for the Purpose of Prostitution, Lewdness, or Assignation). Following publication of its proposals, the Committee received one comment from the Florida Association of Criminal Defense Lawyers (FACDL). After the Committee filed its report, the Court did not publish the proposals. The Court authorizes for publication and use instructions 23.1 through 23.7 as proposed.

The Committee made a number of changes to its proposals based upon the comment by the FACDL, as discussed below, but rejected the suggestion to clarify that prior related offenses are an element of the current offense, on the basis that the Court previously rejected the idea that the issue of "element or recidivist factor" could be decided in a jury instruction case, citing In re Standard Jury Instructions in Criminal Cases—Report No. 2015-08, 194 So. 3d 1007 (Fla. 2016). We adhere to that earlier decision. Instead, the Committee revised the Comment section of each instruction to address this situation.

The more significant amendments to the instructions are discussed below.

The following amendment is applicable to all of the instructions herein at issue. Because section 796.036, Florida Statutes, was repealed by the Legislature in 2014, all references to that provision and the paragraph thereunder are removed. See ch. 2014-160, § 10, Laws of Fla. (repealing § 796.036, Fla. Stat.).

With regard to instructions 23.1, 23.3, 23.4, and 23.7, which include the definition of "structure," these instructions are also amended to include a citation to Dubose v. State, 210 So. 3d 641 (Fla. 2017), and the following sentence placed in brackets is added to the definition of "structure": "The enclosure need not be continuous as it may have an ungated opening for entering and exiting."

Next, because the offense instructed upon in instruction 23.1 provides for reclassification pursuant to section 796.07(7), Florida Statutes, which increases the degree of the crime if the place, structure, building, or conveyance that is owned, established, maintained, or operated in violation of the statute is a massage establishment that is or should be licensed, a new paragraph is also added that allows the jury to make a determination as to whether the State proved that the reclassification applies. Statutory definitions for "massage establishment," "massage therapist," and "massage," from chapter 480, Florida Statutes, are also added.

Instruction 23.5 is further amended to add a second element to the offense of Offering to Commit, Committing, or Engaging in Prostitution, Lewdness, or Assignation, which requires the State to prove that the defendant was 18 years of age or older at the time of his/her act. See § 796.07(2)(e), Fla. Stat. (2016).

Last, instruction 23.6 is further amended to redefine the term "solicit," in accord with section 777.04(2), Florida Statutes.

Having considered the Committee's report, criminal jury instructions 23.1 through 23.7, as proposed by the Committee, and as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1]  New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability.  The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

## APPENDIX

## 23.1 MAINTAINING A PLACE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(a), Fla. Stat.

**To prove the crime of Maintaining a Place of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:**

(Defendant) **[established] [owned] [maintained] [operated] any [place] [structure] [building] [conveyance] for the purpose of [lewdness] [assignation] [prostitution].**

*Give if applicable. § 796.07(7)(a), Fla. Stat.; § 480.043(1), Fla. Stat.; § 480.033, Fla. Stat.*
**If you find the defendant guilty of Maintaining a Place of [Prostitution] [Lewdness] [Assignation], you must also determine whether the State has proven beyond a reasonable doubt that the [place] [structure] [building] [conveyance] that was [established] [owned] [maintained] [operated] for the purpose of [lewdness] [assignation] [prostitution] was a massage establishment that was or should have been licensed by the Florida Department of Health.**

**All "massage establishments" must be licensed by the Florida Department of Health.  A "massage establishment" means a site or premises, or portion thereof, wherein a massage therapist practices massage. A "massage therapist" means a person licensed as required by law who administers massage for compensation. "Massage" means the manipulation of the soft tissues of the human body with the hand, foot, arm, or elbow, whether or not such manipulation is aided by hydrotherapy, including colonic irrigation, or thermal therapy; any electrical or mechanical device; or the application to the human body of a chemical or herbal preparation.**

*Give if applicable. Fla. Stat. § 796.036*
~~**If you find the defendant guilty of Maintaining a Place of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**~~

> **a.** ~~A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,~~
>
> **b.** ~~The minor was not the person charged in this case.~~

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(c), Fla. Stat.*
**"Assignation" means the making of any appointment or engagement for prostitution or lewdness, or any act in furtherance of such appointment or engagement.**

*§ 810.011(1), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*
**A "conveyance" means any motor vehicle, ship, vessel, railroad <u>vehicle or</u> car, trailer, aircraft, or sleeping car.**

*§ 796.07(1)(d), Fla. Stat.*
**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

## Lesser Included Offenses

| MAINTAINING A PLACE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION — 796.07(2)(A), FLA. STAT. | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

The crimes in § 796.07(2)(a), Florida Statutes, and § 796.07(7)(a), Florida Statutes, are enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], and 2013 [122 So. 3d 302], and 2017.

## 23.2 SOLICITING FOR THE PURPOSE OF PROSTITUTION OR A LEWD OR INDECENT ACT
§ 796.07(2)(b), Fla. Stat.

**To prove the crime of Soliciting for the Purpose of [Prostitution] [Any Lewd or Indecent Act], the State must prove the following element beyond a reasonable doubt:**

(Defendant) **[offered] [offered to secure] [agreed to secure] another person for the purpose of [prostitution] [any lewd or indecent act].**

*Give if applicable. Fla. Stat. § 796.036.*
**If you find the defendant guilty of Soliciting for the Purpose of [Prostitution] [Any Lewd or Indecent Act], you must then determine whether the State has proven beyond a reasonable doubt that:**

**a.      A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,**

**b.      ~~The minor was not the person charged in this case.~~**

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**A "lewd act" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(d), Fla. Stat.*
**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

The crime in § 796.07(2)(b), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], ~~and~~ 2013 [122 So. 3d 302], and 2017.

## 23.3 RECEIVING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION
§ 796.07(2)(c), Fla. Stat.

**To prove the crime of Receiving for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:**

*Give element 1 or element 2 as applicable.*

1.      (Defendant) **[received] [offered to receive] [agreed to receive] a person into a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].**

2.      (Defendant) **permitted a person to remain in a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].**

*Give if applicable. Fla. Stat. § 796.036.*
~~**If you find the defendant guilty of Receiving for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**~~

~~a.      **A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,**~~

~~b.      **The minor was not the person charged in this case.**~~

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(d), Fla. Stat.*

**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

*§ 796.07(1)(c), Fla. Stat.*

"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

*§ 810.011(1), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

*§ 810.011(3), Fla. Stat.*

**A "conveyance" means any motor vehicle, ship, vessel, railroad <u>vehicle or</u> car, trailer, aircraft, or sleeping car.**

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment<u>s</u>

<u>The crime in § 796.07(2)(c), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.</u>

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], ~~and~~ 2013 [122 So. 3d 302]<u>, and 2017</u>.

## 23.4 TRANSPORTING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION
§ 796.07(2)(d), Fla. Stat.

**To prove the crime of Transporting for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **[directed] [took] [transported] [offered or agreed to [direct] [take] [transport]] a person to [a place] [a structure] [a building] [another person].**

2. **At the time,** (defendant) **knew or had reasonable cause to believe that such [directing] [taking] [transporting] was for the purpose of [prostitution] [lewdness] [assignation].**

*Give if applicable. Fla. Stat. § 796.036.*
~~**If you find the defendant guilty of Transporting for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**~~

~~a. **A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,**~~

~~b. **The minor was not the person charged in this case.**~~

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(d), Fla. Stat.*
**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by**

**any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

*§ 796.07(1)(c), Fla. Stat.*
**"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.**

*§ 810.011(1), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*
**A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

The crime in § 796.07(2)(d), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], ~~and~~ 2013 [122 So. 3d 302], and 2017.


## 23.5 OFFERING TO COMMIT, COMMITTING, OR ENGAGING IN PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(e), Fla. Stat.

**To prove the crime of Offering to Commit, Committing, or Engaging in [Prostitution] [Lewdness] [Assignation], the State must prove the following two elements beyond a reasonable doubt:**

**1.** \_\_\_\_\_ (Defendant) **[offered to commit] [committed] [engaged in] [prostitution] [lewdness] [assignation].**

**2.** **At the time,** (defendant) **was 18 years of age or older.**

*Give if applicable. Fla. Stat. § 796.036.*
~~**If you find the defendant guilty of Offering to Commit, Committing, or Engaging in [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**~~

~~**a.**~~ ~~**A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [**(other conduct prohibited in Chapter 796)**]; and,**~~

~~**b.**~~ ~~**The minor was not the person charged in this case.**~~

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(d), Fla. Stat.*
**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

*§ 796.07(1)(c), Fla. Stat.*
**"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.**

No lesser included offenses have been identified for this offense.

**Comments**

The crime in § 796.07(2)(e), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], and 2013 [122 So. 3d 302], and 2017.

## 23.6 SOLICITING FOR PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(f), Fla. Stat.

**To prove the crime of Soliciting for [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:**

(Defendant) **[solicited] [induced] [enticed] [procured] another to commit [prostitution] [lewdness] [assignation].**

*Give if applicable. Fla. Stat. § 796.036.*
**If you find the defendant guilty of Soliciting for [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**

a.      **A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,**

b.      **The minor was not the person charged in this case.**

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*
**"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.**

*§ 796.07(1)(d), Fla. Stat.*
**"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.**

*§ 796.07(1)(c), Fla. Stat.*
**"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.**

*§ 777.04(2), Fla. Stat.*
**To "solicit" means to** ~~ask earnestly or to try to induce the person solicited to do the thing solicited~~**command, encourage, hire, or request another person to engage in specific conduct.**

**To "procure" means to persuade, induce, prevail upon or cause a person to do something.**

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

**Comments**

The crime in § 796.07(2)(f), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], ~~and~~ 2013 [122 So. 3d 302], and 2017.

## 23.7 ENTERING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(g), Fla. Stat.

**To prove the crime of Entering for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:**

(Defendant) **[resided in] [entered] [remained in] a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].**

*Give if applicable. Fla. Stat. § 796.036.*
~~**If you find the defendant guilty of Entering for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:**~~

~~a.   **A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [(other conduct prohibited in Chapter 796)]; and,**~~

~~b.   **The minor was not the person charged in this case.**~~

*Definitions.*
*§ 796.07(1)(a), Fla. Stat.*
**"Prostitution" is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.**

*§ 796.07(1)(b), Fla. Stat.*

"Lewdness" is any indecent or obscene act. "Indecent" means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.

*§ 796.07(1)(d), Fla. Stat.*

"Sexual activity" means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.

*§ 796.07(1)(c), Fla. Stat.*

"Assignation" includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.

*§ 810.011(1), Fla. Stat.; Dubose v. State, 210 So. 3d 641 (Fla. 2017).*

A "structure" is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall. [The enclosure need not be continuous as it may have an ungated opening for entering and exiting.]

*§ 810.011(3), Fla. Stat.*

A "conveyance" means any motor vehicle, ship, vessel, railroad vehicle or car, trailer, aircraft, or sleeping car.

**Lesser Included Offenses**

| ENTERING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION — 796.07(2)(g), Fla. Stat. | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

The crime in § 796.07(2)(g), Florida Statutes, is enhanced based on the number of prior violations. As of July 2017, it is unclear whether the existence of a

prior violation will be treated as an element of the crime that must be found by the jury in a bifurcated trial or whether a prior violation can be proven to the judge at sentencing.

This instruction was adopted in 1981 and amended in 2008 [995 So. 2d 476], 2010 [48 So. 3d 41], ~~and~~ 2013 [122 So. 3d 302], and 2017.