**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**10-231**


ARNOLD BLACKWELL

VERSUS

HECK INDUSTRIES


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 2
PARISH OF RAPIDES, NO. 03-00588
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**OSWALD A. DECUIR**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**


**John K. (Mike) Anderson**
**Attorney at Law**
**101 South 1ˢᵗ Street**
**Leesville, LA 71446**
**(337) 239-9076**
**Counsel for Plaintiff/Appellant:**
      **Arnold Blackwell**

**Mark A. Watson**
**Stafford, Stewart & Potter**
**P. O. Box 1711**
**Alexandria, LA 71309**
**(318) 487-4910**
**Counsel for Defendant/Appellee:**
      **Heck Industries**

**DECUIR, Judge.**

Arnold Blackwell sued his employer, Heck Industries, for workers' compensation benefits following a work-related injury on August 14, 2002. Upon finding that Blackwell failed to meet his burden of proof, the workers' compensation judge denied the claim for benefits. We affirm.

The parties stipulated that Blackwell sustained some injury from a fall in a hole in the pavement at a job site. He continued working that day, but he sought medical care the following day. Blackwell experienced pain in his back and was restricted from working for a short period of time. Compensation benefits were initiated. For a period of two months, Blackwell received indemnity and medical benefits from his employer. He saw several physicians of his own choice and his employer's choice, but none of the physicians found objective evidence of any continuing injury caused by the August 14, 2002 accident. Furthermore, the medical evidence indicated that Blackwell appeared to engage in both symptom magnification and drug seeking behavior.

After reviewing the medical evidence presented to the Office of Workers' Compensation and listening to the live testimony of the claimant, the workers' compensation judge determined that Blackwell failed to prove by a preponderance of the evidence that his continuing complaints of back pain, and the need for continued medical care, resulted from his work-related injury of August 14, 2002. The workers' compensation judge specifically found that Blackwell had a long history of medical treatment for back pain and had been on narcotic pain medication for at least ten years prior to the accident, noting that "Mr. Blackwell has failed to prove that he has sustained any injuries greater than what he already had wrong with him prior to

August 14th of 2002, [and] that Mr. Blackwell is not entitled to receipt of any further indemnity benefits nor medical expense payments."

The record reveals an exhaustive history of Blackwell's treatment for back and neck pain which included at least ten years of narcotic pain medication prior to the accident at issue herein. The medical evidence also shows the skepticism of Blackwell's physicians as he sought treatment for injuries alleged to be caused by the work-related accident. While he did show some objective signs of injury, Blackwell's records overwhelmingly show inconsistent complaints, negligible objective findings, and what was described as a "severe chemical dependency;" additionally, his history reveals treatment for mental health and substance abuse symptoms. Most important, Blackwell had a pre-existing back injury and long-standing chronic pain, both of which could have reasonably been the cause of his continuing complaints of back pain.

Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97) 696 So.2d 551, 556. In applying the manifest error standard, the appellate court determines whether the factfinder's conclusion was reasonable, not whether the trier of fact was right or wrong. *Banks*, 696 So.2d at 556. "[E]ven where the appellate court is convinced it would have weighed the evidence differently if it had been sitting as trier, the court of appeal may not reverse if the factfinder's findings are reasonable in light of the record reviewed in its entirety." *Winford v. Conerly Corp.*, 04-1278, pp. 15-16 (La. 3/11/05), 897 So.2d 560, 569-70.

2

We find no manifest error in the decision rendered below. In oral reasons for judgment, the workers' compensation judge reached the following conclusion:

> Mr. Blackwell has failed to prove by preponderance of the evidence that any continuing complaints he had after the incident on August 14th of 2002 were related to the fall in this hole on that date, given his prior history of the same and similar complaints that he had subsequent to the accident, which were the same complaints he had previous to the accident.

After reviewing the record before us, we have determined that the factual conclusions reached by the workers' compensation judge are reasonable and well-supported by the evidence. Accordingly, the judgment in favor of Heck Industries is affirmed. Costs of the appeal are assessed to the claimant, Arnold Blackwell.

**AFFIRMED.**