PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes several new standard criminal jury instructions and amendments to several existing standard criminal jury instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const. We authorize the new and amended instructions for publication and use, except as explained below.
The Committee asks the Court to authorize for publication and use new criminal jury instructions 2.2 (Instruction on Edited Recording); 2.3 (Stipulations); 3.3(h) (Willful Blindness); 3.6(e)(1) (Involuntary Intoxication Negating Specific Intent); 3.6(e)(2) (Involuntary Intoxication Resulting in Insanity); 21.16 (Falsely Per-sonating an Officer); 22.15 (Possession of a Slot Machine); and 23.8 (Selling a Minor into Prostitution). The Committee also proposes amending existing criminal jury instructions 3.6(d) (Voluntary Intoxication); 3.9 (Weighing the Evidence); 3.9(a)-(f) (Expert Witnesses, Accomplice, Defendant Testifying, Defendant Not Testifying, Defendant’s Statements, and Eyewitness Identification); 4.4 (Read-back of Testimony); and 23.1-23.7 (Prostitution).
Before filing its report with the Court, the Committee published its proposals for comment, and one comment addressing a proposed change to instruction 3.9 (Weighing the Evidence) was received by the Committee. The Committee did not revise its proposal in response to the comment. The Court did not publish the proposals after they were filed.
The Committee proposes various amendments to instruction 3.6(e)(1) (Involuntary Intoxication Negating Specific Intent), including the addition of the following language at the end of the instruction:

Give when defendant claims involuntary intoxication but lesser-included offenses or other crimes charged are general intent crimes.

A claim of involuntary intoxication to the point where the defendant was incapable of forming [a premeditated design to kill] [the intent to (specific intent charged) ] is not a defense to [ (lesser included crimes) ] [ (crimes charged in additional counts) ].
The Committee states that it was not confident in the correctness of the cases from *303 the district courts of appeal which are the basis for this proposed language. Therefore, having considered the proposal and the Committee’s reasoning for the proposed language, we decline to authorize the inclusion of the above language in instruction 3.6(e)(1).
Accordingly, we hereby authorize for publication and use the instructions as they appear in the appendix to this opinion.[1] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting an additional or alternative instruction nor contesting the legal correctness of the instruction. We further caution all interested parties that any notes and comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
22 BENCH-CONFERENCES INSTRUCTION ON EDITED RECORDING
Members of the jury, you are about to [view] [listen to] a[n] [video] [audio] recording. The Court instructs you that the recording has been edited to eliminate irrelevant portions that would not add to your understanding of the case. The fact that the recording has been edited should not concern you in any way and must not impact the way you [view] [listen to] and consider this evidence.
Comment
This instruction was adopted in 2013.
2.3 STIPULATIONS
When [lawyers] [parties] agree that certain facts are true, that is called a stipulation of fact. You must accept stipulated facts as having been proven. However, the significance of these facts, as with all facts, is for you to decide. In this case, the stipulated fact[s] that you must accept as true [is][are] [insert stipulation[s]].
Comment
This instruction was adopted in 2013.
3.3(h) WILLFUL BLINDNESS
Do not give if there is no evidence supporting an inference of deliberate ignorance or if the evidence is consistent only with a theory of actual knowledge. In some cases, the issue to be determined is whether the defendant had knowledge of a certain fact. Florida law recognizes a concept known as willful blindness, which is sometimes referred to as “deliberate avoidance of positive knowl *304 edge.” Willful blindness occurs when a person has his or her suspicion aroused about a particular fact, realized its probability, but deliberately refrained from obtaining confirmation because he or she wanted to remain in ignorance. A person who engages in willful blindness is deemed to have knowledge of that fact.
Comments
See Desilien v. State, 595 So.2d 1046 (Fla. 4th DCA 1992); Hallman v. State, 633 So.2d 1116 (Fla. 3d DCA 1994); Hale v. State, 838 So.2d 1185 (Fla. 5th DCA 2003).
This instruction was adopted in 2013.
3.6(d) VOLUNTARY INTOXICATION
§ 775.051,’ Fla. Stat.

Give if applicable and if requested and only for offenses occurring on or after October 1, 1999. If there was evidence of involuntary intoxication, give instruction 3.6(e)(1) or (2), if requested and applicable.

Voluntary intoxication resulting from the use of [alcohol] [or] [a controlled substance] is not a defense to a crime. Evidence of a defendant’s voluntary intoxication may not be taken into consideration to show that [he] [she] lacked the specific intent to commit any crime. A person is voluntarily intoxicated if he or she knowingly consumed a substance that he or she knew or should have known could cause intoxication.

Give only for offenses occurring before October 1, 1999. See-seotien 775.061, Florida Stafoites.

A defense asserted in this case is voluntary intoxication by use of [alcohol] [drugs].
The use of [alcohol] [drugs] to the extent that it merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a criminal act.
However, where a certain mental state is an essential element of a crime, and a person was so intoxicated that [he][she] was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.
As I have told you, [the intent to (specific intent charged) ] [premeditated design to kill] [ (other mental state) ] is an essential element of the crime of (crime charged).
Therefore, if you find from the evidence that the defendant was so intoxicated from the voluntary use of [alcohol] [drugs] as to be incapable of forming [the intent to (specific intent charged) ] [premeditated design to kill] [ (other mental state) ], or you have a reasonable doubt about it, you should find the defendant not guilty of (crime charged).

Give when other applicable crimes are general intent crimes.

Voluntary intoxication is not a defense to (lesser included crimes) (crimes charged in additional counts).
Comment
This instruction was adopted in May 1987 [508 So.2d 1221], and amended in 2006 [939 So.2d 1052 ] and 2013.
3.6(e)(1) INVOLUNTARY INTOXICATION NEGATING SPECIFIC INTENT
§ 775.051 Fla. Stat.
Voluntary intoxication is not a defense. A person is voluntarily intoxicat *305 ed if he or she knowingly consumed a substance that he or she knew or should have known could cause intoxication.
However, a defense asserted in this case is that the defendant was involuntarily intoxicated to the point that [he] [she] could not form [a premeditated design to kill] [the intent to (specific intent charged) ]. This defense applies when:

Give a orb as applicable.

a. § 775.051 Fla. Stat; Lucherini v. State, 932 So. 2d 521 (Fla. Uh DCA 2006); Cobb v. State, 88⅛ So.2d 1*37 (Fla. 1st DCA 200k).

1. (Defendant) was lawfully prescribed [ (name of Chapter 893 substance) ] by a practitioner.
2. (Defendant) [used] [consumed] [injected] [ (name of Chapter 893 substance) ] as it was prescribed and directed by the practitioner.
3. As a result of taking [ (name of Chapter 893 substance) ] as prescribed, (defendant) was so intoxicated that [he] [she] could not form [a premeditated design to kill] [the intent to (specific intent charged)] at the time of the offense.

b. Carter v. State, 710 So.2d 110 (Fla. 4th DCA 1998).

1. (Defendant), without any fault on [his][her] part, [unknowingly ingested an intoxicating liquor, drug, or other substance] [knowingly ingested an intoxicating liquor, drug, or other substance because of force, fraud, duress, or trickery].
2. As a result, (defendant) was so intoxicated that [he][she] could not form [a premeditated design to kill] [the intent to (specific intent charged) ] at the time of the offense.

Give if applicable.

In determining the issue of involuntary intoxication, you may consider the testimony of expert and non-expert witnesses.
■ §§ 775.051, 893.02(21) Fla. Stats.
“Practitioner” means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, a naturopath licensed pursuant to chapter 462, or a podiatric physician licensed pursuant to chapter 461, provided such practitioner holds a valid federal controlled substance registry number.

Give in all cases.

The [use of medication] [consumption of an intoxicating liquor, drug, or other substance] that merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a crime.
However, where a certain mental state is an essential element of a crime and a person was involuntarily intoxicated to the extent [he][she] was incapable of forming that mental state, the mental state would not exist and therefore the crime could not be committed.
As I have told you,, [a premeditated design to kill] [the intent to (specific intent charged) ] is an essential element of (crime charged).
Therefore, if you find that the defendant was involuntarily intoxicated to the extent of being incapable of forming *306 [a premeditated design to kill] [the intent to (specific intent charged) ], or if you have a reasonable doubt about it, you should find the defendant not guilty of (crime charged).
Comments
The legislature eliminated voluntary intoxication as a defense effective October 1, 1999.
This instruction was adopted in 2013.
3.6(e)(2) INVOLUNTARY INTOXICATION RESULTING IN INSANITY
§ 775.051 Fla. Stat.
Voluntary intoxication is not a defense. A person is voluntarily intoxicated if he or she knowingly consumed a substance that he or she knew or should have known could cause intoxication.
However, a defense asserted in this case is that the defendant was involuntarily intoxicated to the point of insanity at the time the crime was allegedly committed. A person is considered involuntarily intoxicated to the point of insanity when:

Give a orb as applicable.

a. § 775.051 Fla. Stat.; Brancaccio v. State, 698 So.2d 597 (Fla, 4th DCA 1997); Cobb v. State, 884 So.2d 437 (Fla. 5th [1st ] DCA 2001.).
1. (Defendant) was lawfully prescribed [ (name of Chapter 893 substance) ] by a practitioner.
2. (Defendant) [used] [consumed] [injected] [ (name of Chapter 893 substance) ] as it was prescribed and directed by the practitioner.
3. As a result of taking [ (name of Chapter 893 substance) ] as prescribed:
a. (defendant) did not know what [he] [she] was doing or its consequences or
b. (defendant) knew what [he][she] was doing and its consequences, but did not know it was wrong.

b. Carter v. State, 710 So.2d 110 (Fla. 4th DCA 1998).

1. (Defendant), without any fault on [his][her] part, [unknowingly ingested an intoxicating liquor, drug, or other substance] [knowingly ingested an intoxicating liquor, drug, or other substance because of force, fraud, duress, or trickery].
2. As a result of consuming an intoxicating liquor, drug, or other substance:
a. (defendant) did not know what [he][she] was doing or its consequences or
b. (defendant) knew what [he][she] was doing and its consequences, but did not know it was wrong.

Give if applicable.

A defendant who believed that what [he][she] was doing was morally right was not insane if [he] [she] knew that what [he] [she] was doing violated societal standards or was against the law.

Give if applicable.

§§ 775.051, 893.02(21) Fla. Stats.

“Practitioner” means a physician licensed pursuant to chapter 458, a dentist licensed pursuant to chapter 466, a veterinarian licensed pursuant to chapter 474, an osteopathic physician licensed pursuant to chapter 459, a naturopath licensed pursuant to chapter 462, or a *307 podiatric physician licensed pursuant to chapter 461, provided such practitioner holds a valid federal controlled substance registry number.
In determining the issue of involuntary intoxication to the point of insanity, you may consider the testimony of expert and non-expert witnesses.

Give in all cases.

The [use of medication] [consumption of an intoxicating liquor, drug, or other substance] that merely arouses passions, diminishes perceptions, releases inhibitions, or clouds reason and judgment does not excuse the commission of a crime.
All persons are presumed to be sane. The defendant has the burden of proving the defense of involuntary intoxication to the point of insanity by clear and convincing evidence. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusiort, and of such weight that it produces a firm belief, without hesitation, about the matter in issue.
If you find that (defendant) committed the crime but you find that [he][she] proved by clear and convincing evidence that [he] [she] was involuntarily intoxicated to the point of insanity, you should find [him][her] not guilty.
Comments
The legislature eliminated voluntary intoxication as a defense effective October 1, 1999.
This instruction was adopted in 2013.
3.9 WEIGHING THE EVIDENCE
It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence* and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:
1. Did the witness seem to have an opportunity to see and know the things about which the witness testified?
2. Did the witness seem to have an accurate memory?
3. Was the witness honest and straightforward in answering the attorneys’ questions?
4. Did the witness have some interest in how the case should be decided?
5. Does the witness’s testimony agree with the other testimony and other evidence in the case?

Give as applicable.

6. Has the witness been offered or received any money, preferred treatment, or other benefit in order to get the witness to testify?
7. Had any pressure or threat been used against the witness that affected the truth of the witness’s testimony?
8. Did the witness at some other time make a statement that is inconsistent with the testimony [he][she] gave in court?
9. Has the witness been convicted of a [felony] [misdemeanor involving [dishonesty] [false statement]]?
10. Does the witness have a general reputation for [dishonesty] [truthfulness]?
Whether the State has met its burden of proof does not depend upon the num *308 ber of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.

Give as applicable and if requested.

Law enforcement witness.

The fact that a witness is employed in law enforcement does not mean that [his][her] testimony deserves more or less consideration than that of any other witness.

Expert witness.

Expert witnesses are like other witnesses, with one exception-the law permits an expert witness to give [his][her] opinion. However, an expert’s opinion is reliable only when given on a subject about which you believe [him] [her] to be an expert. Like other witnesses, you may believe or disbelieve all or any part of an expert’s testimony.

Accomplices and Informants.

You must consider the testimony of some witnesses with more caution than others. For example, a witness who [claims to have helped the defendant commit a crime] [has been promised immunity from prosecution] [hopes to gain more favorable treatment in his or her own case] may have a reason to make a false statement in order to strike a good bargain with the State. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant. So, while a witness of that kind may be entirely truthful when testifying, you should consider [his] [her] testimony with more caution than the testimony of other witnesses. However, if the testimony of such a witness convinces you beyond a reasonable doubt of the defendant’s guilt, or the other evidence in the case does so, then you should find the defendant guilty.

Child witness.

You have heard the testimony of a child. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. The critical consideration is not the witness’s age, but whether the witness understands the difference between what is true and what is not true, and understands the duty to tell the truth.

Give only if defendant testified.

The defendant in this case has become a witness. You should apply the same rules to consideration of [his][her] testimony that you apply to the testimony of the other witnesses.

Witness talked to lawyer.

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his][her] testimony.

Give in all cases.

You may rely upon your own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.
Comment
The court-also-may-wish-to give as part of-this-instruction. the-instr-uctions-eov-ered under 3.9(a)-and — (⅛);—concerning expert witnesses and accomplices; — If—so—the Committee recommends-that-they-be-given as additional numbered-paragr-aptiSr-whieb would — precede the ■ last-two-unnumbered paragraphs of this instruction-
*309 This instruction was adopted in 1981, and amended in 2012 [95 So.3d 868] and 2013.
3.9(a) EXPERT WIT-N-ESSES
Expert witnesses are like-other-witnesses, with-one-exception the law permits an-expert witness to give [his-][her] opinion.
However, an expert’s opinion is reliable only when given-on-a-subject about which you believe-[-him-][-her] to be an expert.
Like other witnesses, you-may-believe or disbelieve all-or — any—part of an expert’s testimonié
Comment
Thls-instr-uctionwas adopted in 1981.
3r9(-b)-ACCOMPLICE
You should use-great-caution in relying on the-testimony of a witness-who elaims — to -have helped the defendant commit a crime. — This is particularly true when there is no other evidence tending to agree with what-the witness says about-the-defendant.
However, if the-testimony of such a witness-c-onvinces you beyond-a-reasonable-doubt-of- the defendant’s guilt,- or the other evidence in the case does so, then- you should find the — defendant guilty.
Comment
■This instruction was-adopted-in 1981.
3t9(-&)-DEF-ENDANT TESTIFYING
The defendant in this case-has-become a-witness. — You should-apply the same rules to consideration of [his][her] testimony that you apply to the testimony of the-other-witnesses.
Comment
This instruction was adopted in 1981 and was-amended in July-1992.
3.9(da) DEFENDANT NOT TESTIFYING

Give either paragraph, or both, if defendant requests.

The constitution requires the State to prove its accusations against the defendant. It is not necessary for the defendant to disprove anything. Nor is the defendant required to prove [his][her] innocence. It is up to the State to prove the defendant’s guilt by evidence.
The defendant exercised a fundamental right by choosing not to be a witness in this case. You must not view this as an admission of guilt or be influenced in any way by [his][her] decision. No juror should ever be concerned that the defendant did or did not take the witness stand to give testimony in the case.
Comment
This instruction was adopted in 1981 and amended in 2013.
3.9(eb) DEFENDANT’S STATEMENTS
A statement claimed to have been made by the defendant outside of court has been placed before you. Such a statement should always be considered with caution and be weighed with great care to make certain it was freely and voluntarily made.
Therefore, you must determine from the evidence that the defendant’s alleged statement was knowingly, voluntarily, and freely made.
In making this determination, you should consider the total circumstances, including but not limited to
1. whether, when the defendant made the statement, [he][she] had *310 been threatened in order to get [him][her] to make it, and
2.whether anyone had promised [him][her] anything in order to get [him][her] to make it.
If you conclude the defendant’s out of court statement was not freely and voluntarily made, you should disregard it.
Comment
This instruction was adopted in 1981 and amended in 2013.
3.9(fc) EYEWITNESS IDENTIFICATION

Give if eyewitness identification is a disputed issue and if requested.

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.
In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:
1. The capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance.
2. Whether the identification was the product of the eyewitness’s own recollection or was the result of influence or suggestiveness.
3. The circumstances under which the defendant was presented to the eyewitness for identification.
4. Any inconsistent identifications made by the eyewitness.
5. Any instance in which the eyewitness did not make an identification when given the opportunity to do so.
6. The witness’s familiarity with the subject identified.
7. Lapses of time between the event and the identification[s].
8. Whether the eyewitness and the offender are of different races or ethnic groups, and whether this may have affected the accuracy of the identification.
9. The totality of circumstances surrounding the eyewitness’s identification.
Comment
This instruction was adopted in 2012 and amended in 2013.
4.4 REQUEST FOR [READ-BACK] [PLAY-BACK] OR TRANSCRIPT OF TESTIMONY

1. Readr-Back/Play-Back granted as requested

Members of the jury, you have asked that the following testimony be [read] [played] back to you: (describe testimony). The court reporter will now [read] [play back] the testimony whfehthat you have requested. OR

2. Read-Back/Play-Back Deferred

Members of the jury, I have discussed with the attorneys your request to have certain testimony [read] [played] back to you. It will take approximately (amount of time) to have the court reporter prepare and [read] [play] back the requested testimony.
I now direct you to return to the jury room and discuss your request further.
*311 If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down as specific a description as possible of the part of the witness(es)’ testimony whfehthat you want to hear again. Make your request for [reading] [playing] back testimony as specific as possible.
OR

3. Readr-Back/Play Back Denied

Members of the jury, you have asked that the following testimony be [read] [played] back to you: (describe testimony)
I am not able to grant your request.

U. Request for transcripts

Members of the jury, you have asked that transcripts of testimony be provided for you. Transcripts are not available. However, you may request to have testimony [read] [played] back to you. This request may be granted at the court’s discretion. I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you may request to have testimony [read] [played] back to you. If you decide to make such a request, it should be as specific as possible.
NOTE ON USE
Any read-back or play-back of testimony shouldmust take place in open court in the presence of all parties. Transcripts or tapes of testimony should not be sent back to the jury room.
Comments
See Hazuri v. State, 91 So.3d 836 (Fla. 2012); State v. Barrow, 91 So.3d 826 (Fla. 2012); Fla. R.Crim. P. 3.410.
This instruction was adopted in 2007 [967 So.2d 178] and amended in 2013.
21.16 FALSELY PERSONATING AN OFFICER
§ 843.08, Fla, Stat.
To prove the crime of Falsely Perso-nating An Officer, the State must prove the following [two] [three] elements beyond a reasonable doubt:
1. .(Defendant) falsely assumed or pretended to be a[n] [police officer] [deputy sheriff] [sheriff] [officer of the Florida Highway Patrol] [officer of the Fish and Wildlife Conservation Commission] [officer of the Department of Transportation] [officer of the Department of Financial Services] [officer of the Department of Corrections] [correctional probation officer] [state attorney] [assistant state attorney] [statewide prosecutor] [assistant statewide prosecutor] [state attorney investigator] [coroner] [lottery special agent] [lottery investigator] [beverage enforcement agent] [watchman] [member of the Parole Commission] [administrative aide to the Parole Commission] [supervisor employed by the Parole Commission] [representative or personnel of the Department of Law Enforcement] [federal law enforcement officer].
2. While doing so, (defendant) [took it upon [himself] [herself] to act as such an officer] [required [someone] [ (name of person) ] to *312 aid or assist [him][her] in a matter pertaining to the duty of such an officer].

Give if applicable.

3. The impersonation occurred during the commission of a felony.

Definition. Give if applicable.

A federal law enforcement officer is a person who is employed by the Federal Government as a full-time law enforcement officer, who is empowered to effect an arrest for violations of the United States Code, who is authorized to carry firearms in the performance of her or his duties, and who has received law enforcement training equivalent to training for Florida law enforcement officers.

Give if applicable.

If you find the defendant guilty of Falsely Personating an Officer and that the impersonation occurred during the commission of a felony, you must then determine whether the State has proven beyond a reasonable doubt that the commission of the felony resulted in [death] [or] [personal injury] to another human being.
Lesser Included Offenses
[[Image here]]
Comment
This instruction was adopted in 2013.
22.15 [POSSESSION] [PERMITTING THE OPERATION] OF A SLOT MACHINE
§ 849.15(l)(a) and (b), Fla. Stat.
To prove the crime of (crime charged), the State must prove the following element beyond a reasonable doubt:

Give as applicable.

(Defendant)
a.[manufactured] [owned] [stored] [kept] [possessed] [sold] [leased] [let on shares] [lent] [gave away] [transported] [exposed for sale or lease] any slot machine or device [or any part of a slot machine or device].
b. offered to [sell] [rent] [lease] [let on shares] [lend] [give away] any slot machine or device [or any part of a slot machine or device].
c. permitted the operation of any slot machine or device [or any part of a slot machine or device].
d. permitted any slot machine or device [or any part of a slot machine or device] to be [placed] [maintained] [used] [kept] in a [room] [space] [building] owned, leased, dr occupied by [him] [her] or under [his] [her] management or control.
e. made [or permitted to be made] an agreement with another, pursuant to which the user of any slot machine or device, as a result of any element of chance [or other out *313 come unpredictable to him or her] may become entitled to receive [money] [credit] [allowance] [a thing of value] [an additional chance or right to use the slot machine or device] [any [check] [slug] [token] [memorandum] entitling the holder to receive [money] [credit] [allowance] [or] [thing of value]].

§ 849.16, Fla. Stat.

A “slot machine or device” is a machine or device that is adapted for use in such a way that, as a result of the insertion of any piece of money, coin, or other object, such machine or device is caused to operate or may be operated and if the user, by reason of any element of chance or of any other outcome of such operation unpredictable by him or her, may:
(a) receive or become entitled to receive any piece of money, credit, allowance, or thing of value; or
(b) receive any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or
(c) secure additional chances or rights to use such machine, apparatus, or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value.
Lesser Included Offenses
[[Image here]]
Comments
For exceptions under certain circumstances, see Fla. Stat. § 849,161 regarding coin-operated games or machines which may determine a winner based on the application of skill.
It is not necessary for the State to prove that the slot machine or device was used for gambling. See Eccles v. Stone, 134 Fla. 113, 183 So. 628 (Fla.1938); Dept. of Business Regulation v. Rains, 477 So.2d 1029 (Fla. 2d DCA 1985).

This instruction was adopted in 2013.

2B.1 MAINTAINING A PLACE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(a), Fla. Stat.
To prove the crime of Maintaining a Place of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) [established] [owned] [maintained] [operated] any [place] [structure] [building] [conveyance] for *314 the purpose of [lewdness] [assignation] [prostitution].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Maintaining a Place of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796) ]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Assignation” means the making of any appointment or engagement for prostitution or lewdness, or any act in furtherance of such appointment or engagement.
A “structure” is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
A “conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
Lesser Included Offenses
No- lesser-included offenses-have-been identified for this offense.
[[Image here]]
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 41], and 2013.
23.2 SOLICITING FOR THE PURPOSE OF PROSTITUTION OR A LEWD OR INDECENT ACT
§ 796.07(2)(b), Fla. Stat.
To prove the crime of Soliciting for the Purpose of [Prostitution] [Any Lewd or Indecent Act], the State must prove *315 the following element beyond a reasonable doubt:
(Defendant) [offered] [offered to secure] [agreed to secure] another person for the purpose of [prostitution] [any lewd or indecent act].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Soliciting for the Purpose of [Prostitution] [Any Lewd or Indecent Act], you must then determine whether the State has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796) ]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
A “lewd act” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 41], and 2018.
23.3 RECEIVING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION
§ 796.07(2)(c), Fla. Stat.
To prove the crime of Receiving for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:

Give element 1 or element 2 as applicable.

1. (Defendant) [received] [offered to receive] [agreed to receive] a person into a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].
2. (Defendant) permitted a person to remain in a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Receiving for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796) ]; and,
b. The minor was not the person charged in this case.

Definitions.

*316 “Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
“Assignation” includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
A “structure” is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
A “conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 41], and 2013.
23.4 TRANSPORTING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS OR ASSIGNATION
§ 796.07(2)(d), Fla. Stat.
To prove the crime of Transporting for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) [directed] [took] [transported] [offered or agreed to [direct] [take] [transport]] a person to [a place] [a structure] [a building] [another person].
2. At the time, (defendant) knew or had reasonable cause to believe that such [directing] [taking] [transporting] was for the purpose of [prostitution] [lewdness] [assignation].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Transporting for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796) ]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual *317 intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
“Assignation” includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
A “structure” is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 411, and 2018.
23.5 OFFERING TO COMMIT, COMMITTING, OR ENGAGING IN PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(e), Fla. Stat.
To prove the crime of Offering to Commit, Committing, or Engaging in [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) [offered to commit] [committed] [engaged in] [prostitution] [lewdness] [assignation].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Offering to Commit, Committing, or Engaging in [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796)]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
“Assignation” includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
*318 Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 41], and 2013.
23.6 SOLICITING FOR PROSTITUTION, LEWDNESS,
OR ASSIGNATION
§ 796.07(2)©, Fla. Stat.
To prove the crime of Soliciting for [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) [solicited] [induced] [enticed] [procured] another to commit [prostitution] [lewdness] [assignation].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Soliciting for [Prostitution] [Lewdness] [Assignation], you must then determine whether the State has proven beyond a reasonable doubt that:
a, A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796)]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
“Assignation” includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
To “solicit” means to ask earnestly or to try to induce the person solicited to do the thing solicited.
To “procure” means to persuade, induce, prevail upon or cause a person to do something.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476],and 2010 [48 So.3d 41], and 2013.
23.7 ENTERING FOR THE PURPOSE OF PROSTITUTION, LEWDNESS, OR ASSIGNATION
§ 796.07(2)(g), Fla. Stat.
To prove the crime of Entering for the Purpose of [Prostitution] [Lewdness] [Assignation], the State must prove the following element beyond a reasonable doubt:
(Defendant) [resided in] [entered] [remained in] a [place] [structure] [building] [conveyance] for the purpose of [prostitution] [lewdness] [assignation].

Give if applicable. Fla. Stat. § 796.036.

If you find the defendant guilty of Entering for the Purpose of [Prostitution] [Lewdness] [Assignation], you must then determine whether the State *319 has proven beyond a reasonable doubt that:
a. A minor was engaged in the [prostitution] [lewdness] [assignation] [sexual conduct] [other conduct prohibited in Chapter 796) ]; and,
b. The minor was not the person charged in this case.

Definitions.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
“Lewdness” is any indecent or obscene act. “Indecent” means wicked, lustful, unchaste, licentious, or sensual intention on the part of the person doing the act.
“Sexual activity” means oral, anal, or vaginal penetration by, or union with, the sexual organ of another; anal or vaginal penetration of another by any other object; or the handling or fondling of the sexual organ of another for the purpose of masturbation; however, the term does not include acts done for bona fide medical purposes.
“Assignation” includes the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement.
A “structure” is any building of any kind, either temporary or permanent, which has a roof over it and includes any closely adjoining land enclosed by a fence or wall.
A “conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft, or sleeping car.
Lesser Included Offenses
No lesser included ■ offenses — have-been identified for this offense.
[[Image here]]
Comment
This instruction was adopted in 1981 and amended in 2008 [995 So.2d 476], and 2010 [48 So.3d 411, and 2013.
23.8 SELLING A MINOR INTO PROSTITUTION BY A [PARENT] [LEGAL GUARDIAN] [PERSON WITH CONTROL OF THE MINOR]
§ 796.035, Fla. Stat.
To prove the crime of Selling a Minor Into Prostitution By a [Parent] [Legal Guardian] [Person With Control of the Minor], the State must prove the following four elements beyond a reasonable doubt:
1. (Defendant) [was a [parent] [legal guardian]] [had custody or control] of (victim).
2. (Defendant) [sold or otherwise transferred custody or control of (victim) ] [offered to sell or offered *320 to otherwise transfer custody of (victim) ].
3. (Defendant) did so [knowing] [in reckless disregard of the fact] that as a consequence of the [sale] [transfer], (victim) will engage in prostitution.
4. At the time, (victim) was under the age of 18 years.

Definition.

“Prostitution” is the giving or receiving of the body for sexual activity for hire but excludes sexual activity between spouses.
Lesser Included Offenses
No lesser included offenses have been identified for this offense.
Comment
This instruction was adopted in 2013.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court’s website at www. floridasupremecourt.org(jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.